UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:23-cr-55-GFVT

UNITED STATES OF AMERICA,                                                  PLAINTIFF,

V.                          **RECOMMENDED DISPOSITION**

GARNELL A. EDWARDS,                                                  DEFENDANT.

On September 29, 2022, Garnell A. Edwards appeared before the Honorable J. Phil Gilbert, United States District Judge for the Southern District of Illinois, for sentencing following a plea of guilty to a violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B), and 846: Conspiracy to Distribute Methamphetamine. The defendant was sentenced to a 50-month term of imprisonment followed by five years of supervised release. The Court imposed the standard conditions of supervision, along with special conditions of release as outlined in the Judgment in a Criminal Case.

On June 2, 2023, jurisdiction was transferred to the Eastern District of Kentucky and accepted by the Court. On March 21, 2024, Edwards was referred to Mountain Comprehensive Care for mental health and substance abuse counseling, which he completed on March 26, 2025. Additionally, he received mental health and substance abuse treatment through the Veteran Affairs Health System and this treatment is still ongoing. However, on June 11, 2025, a Report on Offender Under Supervision (PROB 12A), outlining the defendant's use of cocaine, was reported to the Court, but the Court, in its discretion, took no action at that time.

The defendant appeared before the undersigned for a final revocation hearing on charges of violating supervised release. At the final hearing, the defendant was present and represented by counsel. He expressed his desire to stipulate to all alleged supervised release violations. As a

result, the Defendant was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, he admitted to committing the following violation conduct:

**Violation #1**

> **Mandatory Condition:** The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

On January 5, 2026, Edwards reported to the probation office and submitted a urine sample for testing. The instant cup indicated the sample was positive for cocaine. Edwards denied any use of cocaine and the sample was sent to Alere Laboratories (B05066756) for testing. On January 9, 2026, Alere Laboratories reported the sample was positive for cocaine. **This is a Grade C Violation**.

**Violation #2**

> **Mandatory Condition:** The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

On January 12, 2026, Edwards reported to the office as directed by the undersigned. Edwards spoke with United States Probation Officer Michael Raccuia admitting to using cocaine daily for the last four to five days. He was unable to provide a urine sample but did sign admission form. **This is a Grade C Violation**.

**Violation #3**

> **Mandatory Condition:** The defendant shall not commit another federal, state, or local crime.
>
> **Mandatory Condition:** The defendant shall not unlawfully possess a controlled substance.

Cocaine is a controlled substance pursuant to the Controlled Substances Act. Due to the defendant's prior drug conviction and with the Sixth Circuit Court of Appeals' finding that use equals possession, possession of cocaine as noted, constitutes a violation of 21 U.S.C. Section 844(a), a Class E felony, punishable by a term of imprisonment not to exceed two years. **This is a Grade B Violation**.

Relative to the penalty and pursuant to U.S.S.G. §7B1.4(a), should the Court revoke the defendant's supervised release based on a Grade B Violation and his Criminal History Category of I, the recommended guideline range of imprisonment would be 4 to 10 months. The original offense is a Class B felony; therefore, the maximum authorized term of imprisonment upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C), there is no maximum term of supervised.

In fashioning a recommendation, the Court considers the information above. In addition, the Court considers the United States and Edwards' request that his supervision not be revoked, but that he be required to engage in a program of drug counselling and treatment through the Veterans Administration. In addition, the Court considers Edwards own statements, wherein he requests release to engage in treatment. To satisfy the considerations of the controlling statute, the undersigned believes that the recommendation is properly calculated to recognize the nature of the defendant's criminal history, his prior conviction in this case, the time he was on release prior to the present violation conduct, and his conduct since the violation conduct. In this case, the Court considers Edwards' criminal history category of I. In addition, the Court considers what appears to be a longstanding history of drug abuse, dating back to the early 1990's. However, balancing this behavior is evidence that Edwards served in the United States Armed Services, and obtained a college degree in the area of Theology. However, his lack of candor to the probation officer in which he denied use of a controlled substance is concerning, and the evidence is that the present violation conduct occurred during a time in which Edwards went on a "bender". But, balancing

3

the evidence in an effort to achieve a fair and just outcome, the undersigned believes the following recommendation is sufficient to act as a deterrent to future criminal conduct and protect the public from further crimes that he might be inclined to commit.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission and therefore have been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 1, 2 and 3.

(2) That Edward's supervision not be revoked, but that shall be transported by the United States Marshal directly to participate in an inpatient treatment program offered by the Veterans Administration, to be approved by the Defendant's supervising probation officer, where he will be required to participate in a program of substance abuse therapy and counselling offered by the Veterans Administration. This program of counselling and treatment should be approved in advance by the supervising United States Probation Office, who shall report to the Court should Edwards fail to comply with this requirement in any way. Further, Edwards should continue on his unexpired period of supervision as imposed by the Court. Edwards is cautioned that any further failures to comply with conditions of supervision will not be viewed favorably by the Court.

(3) That upon a waiver filed into the record **within fourteen days** evidencing a knowing, intelligent and voluntary relinquishment of his right of allocution in this action, judgment should be imposed. Absent any waiver being filed as directed herein, the matter should be

scheduled for a final hearing for purposes of allocution and sentencing before the presiding Judge.

Finally, specific objections to this Report and Recommendation must be filed within fourteen days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749B50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 10, 2026.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**